ORIGINAL

Fee Paid
S1
99

1  BART M. BOTTA, State Bar No. 167051
2  RYNN & JANOWSKY, LLP
   4100 Newport Place Drive, Suite 700
3  Newport Beach, CA 92660-2423
   Telephone: (949) 752-2911
4  Facsimile: (949) 752-0953
   E-mail: bart@rjlaw.com
5

FILED
ADR
2007 OCT -2  P 12: 55

E-FILING RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

6  Attorneys for Plaintiffs
7  TAYLOR FARMS CALIFORNIA, INC.,
   PISMO-OCEANO VEGETABLE EXCHANGE, and
8  ROBERT S. ANDREWS

9

10

11              IN THE UNITED STATES DISTRICT COURT

12      FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

C07    05068    PVT

13

| 14  TAYLOR FARMS CALIFORNIA, INC., | CASE NO. |
| a corporation; PISMO-OCEANO | |

15  VEGETABLE EXCHANGE, a              **COMPLAINT FOR VIOLATIONS OF**
    corporation; ROBERT S. ANDREWS,    **THE PERISHABLE AGRICULTURAL**
16  individually and doing business as  **COMMODITIES ACT ("PACA") [7**
    ROBERT S. ANDREWS FARMS, a sole    **U.S.C. §499e, et seq.]:**
17  proprietorship,

18                                      **1. BREACH OF CONTRACT;**
                                        **2. ENFORCEMENT OF STATUTORY**
19                  Plaintiffs,            **PACA TRUST PROVISIONS;**
                                        **3. VIOLATION OF PACA: FAILURE**
20                                          **TO ACCOUNT AND PAY**
                                            **PROMPTLY;**
21      v.                              **4. UNJUST ENRICHMENT; and,**
                                        **5. DECLARATORY RELIEF**
22

23  REGIONAL SOURCE PRODUCE, INC.,      **JURY DEMAND**
    a corporation; THOMAS H. BUBNIS, an
24  individual; KIM MARES, an individual,

25                  Defendants.

26

27

28

07-219/ COMPLAINT                   1

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Plaintiffs TAYLOR FARMS CALIFORNIA, INC. ("Taylor"), PISMO-OCEANO VEGETABLE EXCHANGE ("POVE"), and ROBERT S. ANDREWS, individually and doing business as ROBERT S. ANDREWS FARMS ("Andrews")(Taylor, POVE, and Andrews are sometimes referred to collectively as "Plaintiffs"), complain and allege as follows:

## I.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.      Plaintiff Taylor is, and all times material herein was a corporation organized to do business under the laws of the state of California with its principal place of business located in Salinas, California.

3.      Plaintiff POVE is now and at all times material herein was a corporation organized and doing business under the laws of the State of California, having its principal place of business located in Oceano, California.

4.      Plaintiff Andrews is now and at all times material herein was a sole proprietorship organized and doing business under the laws of the State of California, having its principal place of business located in Bakersfield, California.

5.      Plaintiffs are informed, believe and thereon allege that Defendant REGIONAL SOURCE PRODUCE, INC. ("RSP") is and during all times relevant herein was a corporation having a principal business address of 975 W. Alisal St., Suite B, Salinas, California 939028.

6.      Plaintiffs are informed, believe and thereon allege that Defendant THOMAS H. BUBNIS ("Bubnis"), is an individual who during all times material herein was an officer, director, and shareholder, more specifically, the president, of RSP, and

1    who maintains a residence and/or principal place of business located within the

2    jurisdictional boundaries of this Court.

3        7.    Plaintiffs are informed, believe and thereon allege that Defendant KIM

4    MARES ("Mares"), is an individual who during all times material herein was an officer,

5    director, and shareholder, more specifically, the vice-president and treasurer, of RSP, and

6    who maintains a residence and/or principal place of business located within the

7    jurisdictional boundaries of this Court

8        8.    Bubnis and Mares are sometimes hereafter referred to as "The Individual

9    Defendants." Bubnis, Mares, and RSP are sometimes referred to herein collectively as

10   "Defendants."

11       9.    Plaintiffs are informed, believe and thereon allege that The Individual

12   Defendants are and at all times material herein were insiders with actual and constructive

13   knowledge of the PACA trust and the provisions set forth therein and who are and during

14   times relevant herein were responsible for the daily management and control of

15   Defendant RSP, and who are and during relevant times herein were statutory trustees

16   under PACA in positions to control the PACA trust assets that are the subject of this

17   lawsuit, which rightfully belong to Plaintiffs.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant RSP)

20       10.   Plaintiffs hereby reallege and incorporate by reference paragraphs 1

22   through 9 inclusive, of this Complaint as though fully set forth herein.

23       11.   At all times relevant herein, Defendants were engaged in the handling of

24   produce in interstate and/or foreign commerce as commission merchants, dealers and/or

25   retailers subject to the provisions of the PACA and the regulations promulgated by the

26   Secretary of Agriculture of the United States of America pursuant to the PACA,

27   operating under PACA license No. 19970349.

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

12.    Between on or about November 29, 2006 and March 2, 2007, in a series of transactions, Taylor sold and shipped perishable agricultural commodities to RSP at said Defendant's request, for which said Defendant agreed to pay Taylor in principal amounts at least as great as the sum of $49,688.65.

13.    Between on or about October 31, 2006 and December 14, 2006, in a series of transactions, POVE sold and shipped perishable agricultural commodities to RSP at said Defendant's request, for which said Defendant agreed to pay POVE in principal amounts at least as great as the sum of $49,134.16.

14.    Between on or about February 5, 2007 and March 24, 2007, in a series of transactions, Andrews sold and shipped perishable agricultural commodities to RSP at said Defendant's request, for which said Defendant agreed to pay Andrews in principal amounts at least as great as the sum of $31,195.87.

15.    At or about the date of each transaction described above, Plaintiffs forwarded to Defendants invoices for said transactions setting forth in detail the amounts owed by said Defendants for Defendants' purchase of the commodities. At least some of said invoices contain written provisions providing for recovery of attorney's fees incurred in legal action filed to collect the sums due and written provisions providing for finance charges on delinquent accounts at the rate of 1.5% per month (18% annually).

16.    Plaintiffs have repeatedly demanded that Defendants pay the amounts due and owing under the invoices, totaling the combined principal amount of at least $130,018.68 for Plaintiffs. However, said Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs for the produce purchased by RSP and no part of those sums due and owing has been paid.

17.    Plaintiffs have performed all conditions, covenants and obligations required to be performed by them under the agreements for sales of produce as set forth herein.

18.    As a direct and proximate result of the failure of Defendants to remit payment due to Plaintiffs as described above, Plaintiffs have suffered cumulative combined losses in the total principal amount of at least $130,018.68, as separately set

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    forth above, plus recoverable attorney's fees and finance charges pursuant to written

2    agreements between the parties.

### III.

### SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

6        19.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1

7    through 18, inclusive of this Complaint as though fully set forth herein.

8        20.    Plaintiffs at all times relevant herein were engaged in the business of selling

9    and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C.

10    §499a(4)] and held valid PACA licenses at all relevant times.

11        21.    The perishable agricultural commodities that are the subject of this action

12    were purchased and sold in or in contemplation of the course of interstate and/or foreign

13    commerce.

14        22.    Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the

15    produce sold by Plaintiffs to Defendant RSP, Plaintiffs became the beneficiaries of a

16    floating, non-segregated statutory trust on all of Defendants' perishable agricultural

17    commodities, all inventories of food or other products derived from perishable

18    agricultural commodities, and any receivables or proceeds from the sale of such

19    perishable agricultural commodities or products or assets derived therefrom.

20        23.    Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-

21    (4)], Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed

22    and fulfilled all duties required to preserve their trust benefits in the cumulative combined

23    principal amount of at least $130,018.68 as separately set forth above, for the perishable

24    agricultural commodities sold to Defendants, all of which remains past due and unpaid.

25        24.    Plaintiffs are informed and believe for the reasons alleged above, that

26    Defendants and each of them are statutory trustees under PACA.    The PACA trust

27    requires Defendants, and each of them, to hold and preserve such goods, inventories,

28    proceeds and receivables in trust for the benefit of Plaintiffs until full payment has been

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    made to Plaintiffs. Plaintiffs are informed and believe and thereon allege that Defendants

2    have failed to maintain the trust assets and keep them available to satisfy Defendants'

3    obligations to Plaintiffs in that said Defendants have failed to perform the requirements

4    of said statutory trust provisions, express and implied, and have breached their fiduciary

5    duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7,

6    U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other

7    pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

8    　　25.　　Plaintiffs are informed and believe and upon that basis allege that during

9    times relevant herein, Defendants transferred or diverted the trust assets, and are

10    continuing to so transfer or divert trust assets, namely receivables or proceeds derived

11    from Defendants' sale of produce, to their own use and/or to an unknown third party or

12    parties, in violation of their statutory duties under the PACA to preserve the trust assets

13    for the benefit of Plaintiffs. [7 C.F.R. §46.46(c)]. The statutory trust created by the

14    PACA unequivocally gives priority to the interests of Plaintiffs on all inventories of

15    products derived from perishable agricultural commodities, and any receivables or

16    proceeds from the sale of such commodities or products that have been transferred to

17    secured or unsecured creditors.

18    　　26.　　As a direct and proximate cause and result of the wrongful acts and

19    omissions of Defendants, Plaintiffs have suffered the cumulative combined principal loss

20    of at least $130,018.68, plus recoverable attorney's fees and finance charges in amounts

21    to be determined, all of which qualifies for protection under the PACA trust.

22    <center>IV.</center>

23    <center>**THIRD CAUSE OF ACTION**</center>

24    <center>**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account**</center>

25    <center>**And Pay Promptly Against All Defendants)**</center>

26    　　27.　　Plaintiffs hereby reallege and incorporate by reference paragraphs 1

27    through 26, inclusive, of this complaint as though fully set forth herein.

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

28.    Plaintiffs have repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

29.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiffs have suffered the combined cumulative principal loss of $130,018.68 in net produce sales proceeds due and owing to Plaintiffs and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and finance charges in amounts to be determined.

## V.

## FOURTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

30.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth herein.

31.    Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiffs, and/or the proceeds therefrom, valued in the cumulative combined principal amount of at least $130,018.68.

32.    If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiffs.

33.    As a direct and proximate result of the wrongful conversion of funds due to Plaintiffs, as assignee of Plaintiffs, Plaintiffs have been damaged and Defendants have been unjustly enriched in the cumulative combined principal amount of at least $130,018.68.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

# VI.

## FIFTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

34.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiffs contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiffs until Plaintiffs are fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

36.     Plaintiffs seek an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiffs are beneficiaries.  Plaintiffs would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiffs.

37.     Further, Plaintiffs seek a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiffs' trust claims under the PACA amendment are superior to and take priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

**FIRST CAUSE OF ACTION**

**(For Breach Of Contract)**

1.    For damages in the principal amount of $49,688.65 in the case of Taylor, $49,134.16 in the case of POVE, and $31,195.87 in the case of Andrews as against Defendant RSP;

2.    For finance charges thereon at the contractual rate of 1.5% per month from the date the obligation became due and payable to Plaintiffs;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

**(For Enforcement of Statutory Trust Provisions of PACA)**

1.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the combined principal amount of $130,018.68 as against Defendants, jointly and severally, in the amounts set forth herein to Plaintiffs;

2.    For finance charges thereon at the contractually agreed upon rate of 1.5% per month from the date the obligation became due and payable to Plaintiffs;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)**

1.    For damages in the cumulative combined principal amount of $130,018.68 as against Defendants, jointly and severally, in the amounts separately set forth herein as to Plaintiffs;

2.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the combined principal amount of $130,018.68 as against Defendants, jointly and severally;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

3.    For finance charges thereon at the contractually agreed upon rate of 1.5% per month from the date the obligation became due and payable to Plaintiffs; and,

4.    For attorney's fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

### (For Unjust Enrichment)

1.    For damages in the combined principal amount of $130,018.68 as against Defendants, jointly and severally;

2.    For finance charges thereon at the contractually agreed upon rate of 1.5% per month from the date each obligation became due and payable to Plaintiffs;

3.    For attorney's fees and costs of suit incurred; and,

4.    For such other and further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION

### (For Declaratory Relief)

1.    For a declaratory judgment establishing that:

(a)    The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)    The Plaintiffs' trust claims under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of the estate of Defendant possibly subject to the Defendants' liens or claims, if any are established;

2.    For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the combined cumulative sum of $130,018.68 as against Defendants, jointly and severally, in the amounts set forth herein due to Plaintiffs;

3.    For finance charges thereon at the contractually agreed upon rate of 1.5% per month from the date the obligation became due and payable to Plaintiffs;

4.    For attorneys' fees and costs of suit incurred; and,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

5.    For such other and further relief as this Court deems proper.

DATED: September 28, 2007                        RYNN & JANOWSKY, LLP

By:    _____
       BART M. BOTTA, Attorneys for
       Plaintiffs

1

2                        **JURY DEMAND**

3        Plaintiffs hereby demand a jury trial in this matter.

4

5     DATED: September 28, 2007              RYNN & JANOWSKY, LLP

6

7                                    By:    _____

8                                           BART M. BOTTA, Attorneys for
                                            Plaintiffs
9

10

11

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07-219/ COMPLAINT                    12