Thomas A. Bubnis
210 La Mesa Drive
Salinas, CA 93901
(831) 754-1050
*Defendant Pro Se*

FILED

2008 JAN 17 P 2: 11

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAYLOR FARMS CALIFORNIA, INC., a corporation, PISMO-OCEANO VEGETABLE EXCHANGE, a corporation, ROBERT S. ANDREWS, individually and doing business as ROBERT S. ANDREWS FARMS, a sole proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>REGIONAL SOURCE PRODUCE, INC., a corporation; THOMAS A. BUBNIS, an individual; and KIM MARES, an individual,<br><br>Defendants. | CASE NO. C07 05068 PVT<br><br>**ANSWER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: October 2, 2007<br>Trial Date: None set |

BY FAX

Defendant Thomas A. Bubnis for his Answer and Affirmative Defenses to Plaintiffs' Complaint state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable and Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

**ANSWER:** Answering Paragraph 1 of the Complaint, Bubnis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and all said allegations.

2. Plaintiff Taylor is, and all times material herein was a corporation organized to do business under the laws of the state of California with its principal place of business located in Salinas, California.

**ANSWER:** Answering Paragraph 2 of the Complaint, Bubnis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and all said allegations.

3. Plaintiff POVE is, and all times material herein was a corporation organized and doing business under the laws of the state of California with its principal place of business located in Oceano, California.

**ANSWER:** Answering Paragraph 3 of the Complaint, Bubnis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and all said allegations.

4. Plaintiff Andrews is, and all times material herein was a sole proprietorship organized and doing business under the laws of the state of California with its principal place of business located in Bakersfield, California.

**ANSWER:** Answering Paragraph 4 of the Complaint, Bubnis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and all said allegations.

5. Plaintiffs are informed and believe and thereon allege that Defendant REGIONAL SOURCE PRODUCE, INC. ("RSP") is and during all times relevant herein was a corporation having a principal business address of 975 W. Alisal St., Suite B, Salinas, California 93902.

**ANSWER**: Answering Paragraph 5 of the Complaint, Bubnis admits the allegations contained in said paragraph.

6. Plaintiffs are informed and believe and thereon allege that Defendant THOMAS H. BUBNIS ("Bubnis"), is an individual who during all times material herein was an officer, director, and shareholder, more specifically, the president, of RSP, and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this Court.

**ANSWER**: Answering Paragraph 6 of the Complaint, Bubnis admits the allegations contained in said paragraph.

7. Plaintiffs are informed and believe and thereon allege that Defendant KIM MARES ("Mares"), is an individual who during all times relevant herein was an officer, director, and shareholder, more specifically, the vice-president and treasurer, of RSP, and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this Court.

**ANSWER**: Answering Paragraph 7 of the Complaint, Bubnis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and all said allegations.

8. Bubnis and Mares are sometimes hereafter referred to as "The Individual Defendants." Bubnis, Mares and RSP are sometimes referred to herein collectively as "Defendants."

**ANSWER**: Answering Paragraph 8 of the Complaint, Bubnis is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and all said allegations.

9. Plaintiffs are informed, believe and thereon allege that The Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during times relevant herein

1  were responsible for the daily management and control of Defendant RSP, and who are and
2  during relevant times herein were statutory trustees under PACA in positions to control the
3  PACA trust assets that are the subject of this lawsuit, which rightfully belong to Plaintiffs.

4      **ANSWER:**   Answering Paragraph 9 of the Complaint, Bubnis denies the allegations
5  contained therein.

6      **ANSWER TO FIRST CAUSE OF ACTION**
7      **(Breach Of Contract Against Defendant RSP)**

8      10.   Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 9
9  inclusive, of this Complaint as though fully set forth herein.

10      **ANSWER:**   Bubnis re-alleges and reincorporates by reference as if set forth in full
11  herein its answers to paragraphs 1 through 9.

12      11.   At all times relevant herein, Defendants were engaged in the handling of produce
13  in interstate and/or foreign commerce as commission merchants, dealers and/or retailers subject to
14  the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of
15  the United States of America pursuant to the PACA, operating under PACA license No.
16  199870349.

17      **ANSWER:**   Answering Paragraph 11 of the Complaint, Bubnis denies the allegations
18  contained therein.

19      12.   Between on or about November 29, 2006 and March 2, 2007, in a series of
20  transactions, Taylor sold and shipped perishable agricultural commodities to RSP at said
21  Defendant's request, for which said Defendant agreed to pay Taylor in principal amounts at least
22  as great as the sum of $49,688.65.

23      **ANSWER:**   Answering Paragraph 12 of the Complaint, Bubnis denies the allegations
24  contained therein.

25      13.   Between on or about October 31, 2006 and December 14, 2006, in a series of
26  transactions, POVE sold and shipped perishable agricultural commodities to RSP at said
27  Defendant's request, for which said Defendant agreed to pay POVE in principal amounts at least
28  as great as the sum of $49,134.16.

-3-

1  **ANSWER:**   Answering Paragraph 13 of the Complaint, Bubnis denies the allegations
2  contained therein.

3      14.   Between on or about February 5, 2007 and March 24, 2007, in a series of
4  transactions, Andrews sold and shipped perishable agricultural commodities to RSP at said
5  Defendant's request, for which said Defendant agreed to pay Andrews in principal amounts at
6  least as great as the sum of $31,195.87.

7  **ANSWER:**   Answering Paragraph 14 of the Complaint, Bubnis denies the allegations
8  contained therein.

9      15.   At or about the date of each transactions described above, Plaintiffs forwarded to
10  Defendants invoices for said transactions setting forth in detail the amounts owed by said
11  Defendants for Defendants' purchase of the commodities. At least some of said invoices contain
12  written provisions providing for recovery of attorney's incurred in legal action filed to collect the
13  sums due and written provisions providing for finance charges on delinquent accounts at the rate
14  of 1.5% per month (18% annually).

15  **ANSWER:**   Answering Paragraph 15 of the Complaint, Bubnis denies the allegations
16  contained therein.

17      16.   Plaintiffs have repeatedly demanded that Defendants pay the amounts due and
18  owing under the invoices, totaling the combined principal amount of at least $130,018.68 for
19  Plaintiffs. However, said Defendants have failed and refused and continue to fail and refuse to
20  pay Plaintiffs for the produce purchased by RSP and no part of those sums due and owing has
21  been paid.

22  **ANSWER:**   Answering Paragraph 16 of the Complaint, Bubnis denies the allegations
23  contained therein.

24      17.   Plaintiffs have performed all conditions, covenants and obligations required to be
25  performed by them under the agreements for sales of produce as set forth herein.

26  **ANSWER:**   Answering Paragraph 17 of the Complaint, Bubnis denies the allegations
27  contained therein.

28

18. As a direct and proximate result of the failures of Defendants to remit payment due to Plaintiffs as described above, Plaintiffs have suffered cumulative combined losses in the total principal amount of at least $130,018.68, as separately set forth above, plus recoverable attorneys' fees and finance charges pursuant to written agreements between the parties.

**ANSWER:** Answering Paragraph 18 of the Complaint, Bubnis denies the allegations contained therein.

### ANSWER TO SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

19. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 18, inclusive of this Complaint as though fully set forth herein.

**ANSWER:** Bubnis re-alleges and reincorporates by reference as if set forth in full herein its answers to paragraphs 1 through 18.

20. Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and held valid PACA licenses at all relevant times.

**ANSWER:** Answering Paragraph 20 of the Complaint, Bubnis denies the allegations contained therein.

21. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

**ANSWER:** Answering Paragraph 21 of the Complaint, Bubnis denies the allegations contained therein.

22. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiffs to Defendants RSP, Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

**ANSWER:** Answering Paragraph 22 of the Complaint, Bubnis denies the allegations

-5-

1  contained therein.

2      23.   Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499a(1)-(4)],
3  Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed and fulfilled
4  all duties required to preserve their trust benefits in the cumulative combined principal amount of
5  at least $130,018.68 as separately set forth above, for the perishable agricultural commodities
6  sold to Defendants, all of which remains past due and unpaid.

7      **ANSWER:**   Answering Paragraph 23 of the Complaint, Bubnis denies the allegations
8  contained therein.

9      24.   Plaintiffs are informed and believe for the reasons alleged above, that Defendants
10  and each of them are statutory trustees under PACA. The PACA trust requires Defendants, and
11  each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for
12  the benefit of Plaintiffs until full payment has been made to Plaintiffs. Plaintiffs are informed and
13  believe and thereon allege that Defendants have failed to perform the requirements of said
14  statutory trust provisions, express and implied, and have breached their fiduciary duties to
15  maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4)
16  and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the
17  Secretary of Agriculture pursuant to the PACA.

18      **ANSWER:**   Answering Paragraph 24 of the Complaint, Bubnis denies the allegations
19  contained therein.

20      25.   Plaintiffs are informed and believe and upon that basis allege that during times
21  relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so
22  transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of
23  produce, to their own use and/or to an unknown third party or parties, in violation of their
24  statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs. [7 C.F.R.
25  §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interests
26  of Plaintiffs on all inventories of products derived from perishable agricultural commodities, and
27  any receivables or proceeds from the sale of such commodities or products that have been
28  transferred to secured or unsecured creditors.

1  **ANSWER:**  Answering Paragraph 25 of the Complaint, Bubnis denies the allegations
2  contained therein.

3      26.  As a direct and proximate cause and result of the wrongful acts and omissions of
4  Defendants, Plaintiffs have suffered the cumulative combined principal loss of at least
5  $130,018.68, plus recoverable attorney's fees and finance charges in amounts to be determined,
6  all of which qualifies for protection under the PACA trust.

7  **ANSWER:**  Answering Paragraph 26 of the Complaint, Bubnis denies the allegations
8  contained therein.

9  **ANSWER TO THIRD CAUSE OF ACTION**
10  **(For Violation of Perishable and Agricultural Commodities Act: Failure to Account and**
11  **Pay Promptly Against All Defendants)**

12      27.  Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 26,
13  inclusive of this Complaint as though fully set forth herein.

14  **ANSWER:**  Bubnis re-alleges and reincorporates by reference as if set forth in full
15  herein its answers to paragraphs 1 through 26.

16      28.  Plaintiffs have repeatedly demanded that Defendants pay the amounts due stated
17  above, for produce sold and delivered to Defendants as described above. Despite these demands,
18  Defendants have failed and refused to truly, correctly and accurately account for and make full
19  payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the
20  requirements of said contracts of sale, express and implied, and have breached their duty to
21  account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in
22  violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other
23  pertinent regulations issued by the Secretary of Agriculture to the PACA.

24  **ANSWER:**  Answering Paragraph 28 of the Complaint, Bubnis denies the allegations
25  contained therein.

26      29.  As a direct and proximate cause and result of the wrongful acts and omissions of
27  Defendants as alleged above, Plaintiffs have suffered the combined cumulative principal loss of
28  $130,018.68 in net produce sales proceeds due and owing to Plaintiffs and wrongfully withheld or

1  wrongfully diverted by Defendants, plus reasonable attorney's fees and finance charges in
2  amounts to be determined.
3      **ANSWER:** Answering Paragraph 29 of the Complaint, Bubnis denies the allegations
4  contained therein.

5                     **ANSWER TO FOURTH CAUSE OF ACTION**
6                     **(For Unjust Enrichment Against All Defendants)**

7      30.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 29,
8  inclusive of this Complaint as though fully set forth herein.
9      **ANSWER:** Bubnis re-alleges and reincorporates by reference as if set forth in full
10 herein its answers to paragraphs 1 through 30.
11     31.     Defendants have converted, or are now in the process of converting, to their own
12 use and benefit, the goods delivered to Defendants by Plaintiffs, and/or the proceeds therefrom,
13 valued in the cumulative combined principal amount of $130,018.68.
14     **ANSWER:** Answering Paragraph 31 of the Complaint, Bubnis denies the allegations
15 contained therein.
16     32.     If the Defendants are allowed to continue to convert and/or use such goods and/or
17 proceeds, they will be unjustly enriched to the detriment of Plaintiffs.
18     **ANSWER:** Answering Paragraph 32 of the Complaint, Bubnis denies the allegations
19 contained therein.
20     33.     As a direct and proximate result of the wrongful conversion of funds due to
21 Plaintiffs, as assignee of Plaintiffs, Plaintiffs have been damaged and Defendants have been
22 unjustly enriched in the cumulative combined principal amount of at least $130,018.68.
23     **ANSWER:** Answering Paragraph 33 of the Complaint, Bubnis denies the allegations
24 contained therein.

25                     **ANSWER TO FIFTH CAUSE OF ACTION**
26                     **(For Declaratory Relief Against All Defendants)**

27     34.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 33,
28 inclusive of this Complaint as though fully set forth herein.

1   **ANSWER:**  Bubnis re-alleges and reincorporates by reference as if set forth in full
2   herein its answers to paragraphs 1 through 30.

3   35.   An actual controversy has arisen and now exists relating to the rights and duties of
4   the parties herein in that Plaintiffs contend the PACA trust requires the Defendants to preserve the
5   trust assets for the benefit of Plaintiffs until Plaintiffs are fully paid and the Defendants have
6   failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

7   **ANSWER:**  Answering Paragraph 35 of the Complaint, Bubnis denies the allegations
8   contained therein.

9   36.   Plaintiffs seek an order of this Court declaring that their PACA trust claims are
10  superior to and have priority as against any and all claims which Defendants might assert to the
11  accounts receivable, inventory and proceeds of Defendants, to the extent such receivables,
12  inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiffs are
13  beneficiaries. Plaintiffs would show that any perfected security interest which a third party might
14  have in Defendants' accounts receivable, inventory or proceeds is secondary and specially
15  avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiffs.

16  **ANSWER:**  Answering Paragraph 36 of the Complaint, Bubnis denies the allegations
17  contained therein.

18  37.   Further, Plaintiffs seek a declaratory judgment from this Court establishing (1) that
19  the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C.
20  §541; (2) that Plaintiffs' trust claims under the PACA amendment are superior to and take priority
21  over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable,
22  inventory and the proceeds thereof; and (3) that only funds in excess of the trust funds necessary
23  to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly
24  subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code
25  of Federal Regulations §46.33.

26  **ANSWER:**  Answering Paragraph 37 of the Complaint, Bubnis denies the allegations
27  contained therein.

28

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Each count of Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

Plaintiffs' claims are barred by Plaintiff's agreement to accept and acceptance of other consideration in satisfaction of Plaintiff's obligations therein alleged, if any there be.

### THIRD AFFIRMATIVE DEFENSE
(Additional Affirmative Defenses)

Defendant reserves the right to assert additional affirmative defenses in the event that additional defenses become apparent during the course of this litigation.

### FOURTH AFFIRMATIVE DEFENSE
(Attorneys' Fees Barred)

Plaintiffs are precluded from recovering attorneys' fees from Defendant under the applicable provisions of law.

### FIFTH AFFIRMATIVE DEFENSE
(Consent of Plaintiff)

Plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Defendant thus barring Plaintiff from any relief as prayed for herein.

### SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiffs by virtue of their own inequitable conduct are estopped from recovery on their claims.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure of Consideration)

Plaintiffs' claims are barred because Plaintiffs failed to provide consideration for the

-10-

1 | agreements therein alleged, if any there be.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' alleged losses and damages, if any there were, were aggravated by the Plaintiffs' failure to use reasonable diligence to mitigate them.

### NINTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

Plaintiffs were not in privity of contract with Defendant and said lack of privity bars recovery.

### ELEVENTH AFFIRMATIVE DEFENSE
### (PACA Unconstitutional)

Plaintiffs' claims are barred because certain provisions of PACA are unconstitutional pursuant to, among other provisions, Article I, Section 10 and the First, Fifth, and Fourteenth Amendments of the United States Constitution, in that PACA violates the rights of parties to enter into contracts, the takings clause, and the due process and equal protection clauses contained therein.

### TWELFTH AFFIRMATIVE DEFENSE
### (PACA Rights Not Perfected)

Plaintiffs have not perfected their PACA rights and therefore are precluded from recovery pursuant to PACA requirements.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Personal Liability)

Plaintiffs' Complaint is barred insofar as it seeks to hold an employee or agent of Defendant Regional Source Produce, Inc. personally liable for the Defendant corporation's actions.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

The damages, if any, claimed by Plaintiffs are wholly speculative and are not susceptible to determination.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs come to this Court with unclean hands and are therefore barred from recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' claims are barred by prior waiver of the claims alleged therein

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Consequential Damages Barred)

Plaintiffs' claims for consequential damages are barred pursuant to the contracts that are the subject matter of this litigation.

WHEREFORE, defendant prays as follows:

1. That Plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of the Defendant;

2. That Defendant be awarded his costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

Dated: January 16, 2008                    Thomas H. Bubnis

                                           By: /s/ Thomas H Bubnis
                                           Thomas H. Bubnis
                                           *Defendant Pro Se*

## DEMAND FOR JURY TRIAL

1  
2       Defendants hereby demand trial by jury.

3   Dated: January 16, 2008                Thomas H. Bubnis

4  
5                                          By: *Thomas H. B*
6                                          Thomas H. Bubnis
                                           *Defendant Pro Se*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-13-

ANSWER                                                          CASE NO. C07 05068 PVT

10741994.tif - 1/17/2008 1:05:26 PM

## PROOF OF SERVICE

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen years at the time of service and not a party to the within cause. My employment address is 300 Lakeside Drive, Suite 1900, Oakland, California 94612.

On January 17, 2008, I served copies of the attached document(s) entitled:

**ANSWER**
**DEMAND FOR JURY TRIAL**

on the interested parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Bart M. Botta, Esq. | Joseph Choate, Esq. |
| RYNN & JANOWSKY, LLP | Brad Cornell, Esq. |
| 4100 Newport Place Drive, Suite 700 | CHOATE AND CHOATE |
| Newport Beach, CA 92660-2423 | 2596 Mission Street, Suite 300 |
| | San Marino, CA 91108-1679 |

[X] **BY U.S. MAIL.** I placed such envelope, addressed as above by first-class mail, postage prepaid, for collection and mailing at my business address following our ordinary business practices. I am readily familiar with our ordinary business course of collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business on the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service for delivery to the addressee.

[X] **FEDERAL.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 17, 2008, at Oakland, California.

_____
Candice C. Garretson

**Name of Case:** *TAYLOR FARMS CALIFORNIA, INC., et al. v. REGIONAL SOURCE PRODUCE, INC., et al.*
**Name of Court and Case Number:** *UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION, Case No. C07 05068 PVT*