BART M. BOTTA, State Bar No. 167051
MARION I. QUESENBERY, State Bar No. 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
bart@rjlaw.com

Attorneys for Plaintiffs.

THOMAS A. BUBNIS

Defendant *Pro Se*


KIM MARES

Defendant *Pro Se*


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TAYLOR FARMS CALIFORNIA, INC., a corporation; PISMO-OCEANO VEGETABLE EXCHANGE, a corporation; ROBERT S. ANDREWS, individually and doing business as ROBERT S. ANDREWS FARMS, a sole proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>REGIONAL SOURCE PRODUCE, INC., a corporation; THOMAS H. BUBNIS, an individual; KIM MARES, an individual,<br><br>Defendants. | CASE NO. C07-05068-PVT<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:  March 4, 2008**<br>**Time:  2:00 p.m.**<br>**Place:  Courtroom 5** |

Pursuant to the January 17, 2008 Clerk's Notice (Scheduling Status Conference), Plaintiffs TAYLOR FARMS CALIFORNIA, INC., a corporation ("Taylor"); PISMO-OCEANO VEGETABLE EXCHANGE, a corporation ("POVE"); ROBERT S. ANDREWS, individually and doing business as ROBERT S. ANDREWS FARMS, a sole proprietorship ("Andrews")(collectively referred to as "Plaintiffs") and Defendants REGIONAL SOURCE PRODUCE, INC., a corporation ("RSP"); THOMAS H. BUBNIS, an individual ("Bubnis"); KIM MARES, an individual ("Mares")(Bubnis and Mares are sometimes referred to as "the Individual Defendants") hereby submit this Joint Case Management Conference Statement (Status Report) and Proposed Order and respectfully request the Court to adopt it as its Case Management Order in this Case. Defendant REGIONAL SOURCE PRODUCE, INC., ("RSP") a corporation, has not responded to Plaintiffs' Complaint, and therefore, Plaintiffs have filed a request for the clerk to enter default; consequently, RSP is not a party to this Joint Statement.

**1.     Jurisdiction and Service:**

The parties agree that the Court's jurisdiction is proper pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA").  There are no issues regarding personal jurisdiction or venue.  All parties have been served.

**2.     Facts:**

Plaintiffs allege that between on or about October 31, 2006 and March 24, 2007, Plaintiffs sold and shipped perishable agricultural commodities to Defendants for the principal purchase price of $49,688.65 in the case of Taylor, $49,134.16 in the case of POVE, and $31,195.87 in the case of Andrews.  Plaintiffs allege that their invoices contained the required statutory language under the PACA for Plaintiffs to fully comply

with all notice requirements under the PACA trust provisions.  Plaintiffs allege that the Individual Defendants were the officers and directors of RSP, and controlled its day-to-day operations and finances, and Plaintiffs allege that as such, they are individually liable under the PACA trust.   The Individual Defendants allege that plaintiffs did not perfect and have waived their PACA rights.

**3.    Legal Issues:**

A.    Did Plaintiffs take the required statutory steps to properly preserve their PACA trust rights?

B.    Are the Individual Defendants personally liable for the debt owed to Plaintiffs under the PACA?  Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1977)("An individual who is in a position to control the [PACA] assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act . . . [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of the corporation, who uses the trust assets for any purpose other than repayment of the supplier.").

C.    Did Plaintiffs waive their PACA rights?

**4.    Motions:**

Plaintiffs have just filed a motion for entry of default against the corporate Defendant, RSP.

**5.    Amendment of Pleadings:**

The parties do not anticipate amending their pleading, but request that the deadline for doing so be set March 28, 2008.

**6.    Evidence Preservation:**

The parties believe they have preserved all evidence relevant to this action and do not have a document-destruction program that would result in the erasures of e-mails, voice mails, and other electronically-recorded materials.

**7.    Disclosures:**

The parties propose that initial disclosures, as required by Fed. R. Civ. P. 26 be made no later than April 11, 2008.

**8.    Discovery:**

No discovery has been taken to date.  The parties request that they be permitted full discovery, as allowed by the Federal Rules of Civil Procedure, commencing on or after April 11, 2008 (the deadline proposed for initial disclosures).  The parties propose the following discovery plan:

| | |
|---|---|
| Fact Discovery Cut-Off | October 17, 2008 |
| Initial Expert Disclosures | December 5, 2008 |
| Rebuttal Expert Disclosures | December 19, 2008 |
| Expert Discovery Cut-off | January 23, 2009 |

**9.    Class Action:**

Not applicable.

**10.    Related Cases:**

Plaintiffs are not aware of any related cases.

**11.    Relief:**

Plaintiffs seek payment by Defendants in the principal amounts of $49,688.65 in the case of Taylor, $49,134.16 in the case of POVE, and $31,195.87 in the case of

Andrews.   Additionally, Plaintiffs seek finance charges and attorney fees when the invoices contained provisions allow for the recovery of these amounts.

**12.    Settlement and ADR:**

The parties will file the required ADR certification prior to the CMC.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties consent to a have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References:**

This matter is not suitable for other reference.

**15.    Narrowing of Issues:**

Given the nature of this action, the issues are already narrow, and – after further discovery and discussion – the parties may be able to stipulate to many of the facts. Bifurcation is not necessary.

**16.    Expedited Schedule.**

The parties do not request an expedited schedule.

**17.    Scheduling:**

The parties propose the following scheduling deadlines:

| | |
|---|---|
| Fact Discovery Cut-Off | October 17, 2008 |
| Initial Expert Disclosures | December 5, 2008 |
| Rebuttal Expert Disclosures | December 19, 2008 |
| Expert Discovery Cut-off | January 23, 2009 |
| Hearing of Dispositive Motions | April 24, 2009 |
| Pretrial Conference | (To be set by Court) |

JOINT CMC STATEMENT – Case No. C07-05068-PVT – Page 5

1          Trial                        (To be set by Court)

2 **18.**     **Trial:**

3      The parties request a jury trial and anticipate that it will last three days.

4 **19.**     **Disclosure of Non-party Interested Entities or Persons:**

5      Plaintiff filed its disclosure of interested parties.

6 **20.**     **Other Matters:**

7      The Individual Defendants are representing themselves in this case.

8                       **Signature Attestation**

9      I hereby attest that I have on file all holograph signatures for any signatures

10 indicated by a "conformed" signature (/S/) within this efiled document,

11

12 Date: February 27, 2008            RYNN & JANOWSKY, LLP

13

14                      By:     <u>/s/ Bart M. Botta</u>

15                               Bart M. Botta

                              Attorneys for Plaintiffs

16

17 Date: February 27, 2008

18                      By:     <u>/s/ Thomas A. Bubnis</u>
                              Defendant *Pro Se*

19 Date: February 27, 2008

20                      By:     <u>/s/ Kim Mares</u>
                              Defendant *Pro Se*

21

22

1

### CASE MANAGEMENT ORDER

2

3        The Case Management Statement above is hereby adopted by the Court as the

4 Case Management Order for the case and the parties are ordered to comply with this

5 Order.  In addition, the Court orders:

6

7

8

9 Dated:                              _____

United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22