BART M. BOTTA, State Bar No. 167051
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile: (949) 752-0953
E-mail: bart@rjlaw.com

Attorneys for Plaintiffs
TAYLOR FARMS CALIFORNIA, INC.,
PISMO-OCEANO VEGETABLE EXCHANGE, and
ROBERT S. ANDREWS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TAYLOR FARMS CALIFORNIA, INC., a corporation; PISMO-OCEANO VEGETABLE EXCHANGE, a corporation; ROBERT S. ANDREWS, individually and doing business as ROBERT S. ANDREWS FARMS, a sole proprietorship,<br><br>    Plaintiffs,<br><br>    v.<br><br>REGIONAL SOURCE PRODUCE, INC., a corporation; THOMAS H. BUBNIS, an individual; KIM MARES, an individual,<br><br>    Defendants. | CASE NO.  C07-05068-PVT<br><br>**MOTION FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT AND FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Hearing if so ordered:**<br><br>**DATE:**  June 3, 2008<br>**TIME:**  10:00 a.m.<br>**ROOM:**  5, 4th floor |

1

07-219/ Motion for Leave to Amend.doc

Pursuant to Federal Rules of Civil Procedure 15(a) and this Court's March 5, 2008 Order, Plaintiffs TAYLOR FARMS CALIFORNIA, INC., PISMO-OCEANO VEGETABLE EXCHANGE, ROBERT S. ANDREWS, individually and doing business as ROBERT S. ANDREWS FARMS (collectively "Plaintiffs") respectfully move this Court for leave to amend their Complaint and file a First Amended Complain to add GEORGE AMARAL RANCHES, INC. as an additional Plaintiff.

                                                  Respectfully submitted,

                                                  RYNN & JANOWSKY, LLP

DATED: April 24, 2008            By:   /s/ Bart M. Botta
                                                     BART M. BOTTA, Attorneys for Plaintiffs

07-219/ Motion for Leave to Amend.doc

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT AND <u>FILE PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

### I.

### <u>INTRODUCTION</u>

Plaintiffs seek leave from the Court to amend its Complaint ("Complaint") to add GEORGE AMARAL RANCHES, INC. ("Amaral") as a Plaintiff. This amendment is sought because Amaral, along with the existing Plaintiffs are trust creditors of Defendants under the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA").

### II.

### <u>LEAVE TO AMEND</u> SHOULD BE FREELY GIVEN

Federal Rule of Civil Procedure 15(a) states that leave of court for a party to amend its complaint "shall be freely given." As this Court is well aware, "the circumstances in which the rule permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). Indeed, "Rule 15 'reflects the limited role' assigned to pleadings in federal court, which can be described as providing the parties involved 'with fair notice of the general nature and type of the pleader's claim or defense.' [citation omitted]. Because of the strong federal policy favoring resolution of cases on their merits, leave to amend should be freely granted unless the opposing party can make a showing of unfair prejudice or bad faith on the part of the moving party. [citations omitted]. The policy regarding leave to amend is to be applied with 'extraordinary liberality.'" *Grier v. Brown*, 230 F. Supp. 2d 1108, 1111 (N.D. Cal. 2002).

Further, "[w]here there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith it is an

abuse of discretion to deny such a motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.,* 648 F.2d 1252, 1254 (9th Cir. 1981).  Here, Plaintiff Amaral retained this office after the Complaint was filed, and therefore, the need to file a First Amended Complaint is necessary.  The deadline to add parties to the Complaint was set by the Court as May 4, 2008 in the Court's March 5, 2008 Order.  Thus, this Motion is being timely filed.  Defendants are representing themselves in this case and the only filing by Defendants that has occurred to this point is their Answers, which were general denials.  Thus, because there is no prejudice to Defendants, this Court should grant Plaintiffs' Motion for Leave to Amend.

Moreover, since Plaintiff Amaral, as well as the existing Plaintiffs, all assert that they are trust creditors under the provisions of section 499e(c) of the Perishable Agriculture Commodities Act of 1930, 7 U.S.C. §§499a-499q (as amended in 1995), they all have identical claims against the Defendants.

The courts have consistently held that all PACA trust creditors are entitled to be treated similarly due to the trust nature of their claims, and that there must be an equal pro-rata distribution of trust assets to all such valid PACA trust creditors. *In re: Milton Poulos, Inc.,* 107 B.R. 715 (Ninth Cir. B.A.P. 1989); *In re: United Fruit & Produce,* 86 B.R. 14 (Bankr. D.Conn. 1988).

Since all PACA trust creditors are entitled to their pro-rata distribution of the trust assets, Plaintiff Amaral should be allowed to join as a plaintiff in this lawsuit pursuant to Federal Rule of Civil Procedure 19(a) because, in its absence, complete relief cannot be obtained among those Plaintiffs already parties to the action.

/ / / /

/ / / /

/ / / /

07-219/ Motion for Leave to Amend.doc

## III.

## CONCLUSION

In conclusion, Plaintiffs respectfully request leave to file their First Amended Complaint, which pursuant to Local Rule 10 is attached hereto as **Exhibit 1**. Pursuant to Local Rules 7-1(b), Plaintiffs respectfully request that this Motion be determined without oral argument or by telephone conference call.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: April 24, 2008        By:   /s/ Bart M. Botta
                                   BART M. BOTTA, Attorneys for
                                   Plaintiffs

5

07-219/ Motion for Leave to Amend.doc